1

```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF ILLINOIS
                          EASTERN DIVISION

PFIZER, INC., PRIZER IRELAND      )
PHARMACEUTICALS, WARNER-LAMBERT   )
COMPANY, and WARNER-LAMBERT       )
COMPANY, L.L.C.,                  )
                                  )
              Plaintiffs,         )
                                  )
     vs.                          )   No. 08 C 7231
                                  )
APOTEX, INC. and APOTEX CORP.,    )
                                  )
              Defendants.         )
----------------------------------)
APOTEX, INC. and APOTEX CORP.,    )
                                  )
              Counter-Plaintiffs, )
                                  )
     vs.                          )
                                  )
PFIZER, INC., PRIZER IRELAND      )
PHARMACEUTICALS, WARNER-LAMBERT   )
COMPANY, and WARNER-LAMBERT       )
COMPANY, L.L.C.,                  )   Chicago, Illinois
                                  )   March 24, 2009
              Counter-Defendants. )   9:12 o'clock a.m.
```

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE ROBERT M. DOW, JR.

APPEARANCES:

For the Plaintiffs:        WOOD, PHILLIPS
                           BY:  MR. JEFFREY M. DRAKE
                           500 West Madison Street
                           Suite 3800
                           Chicago, Illinois 60661
                           (312) 876-1800

                           CONNOLLY, BOVE, LODGE & HUTZ
                           BY:  MS. MARY W. BOURKE
                                MR. DANIEL C. MULVENY
                           1007 North Orange Street
                           Wilmington, Delaware 19899
                           (302) 658-9141

Colleen M. Conway, Official Court Reporter

1    APPEARANCES (Continued):

2

3    For the Defendants:        RAKOCZY, MOLINO, MAZZOCHI, SIWIK, LLP
                                BY:  MR. WILLIAM A. RAKOCZY
4                                    MR. ANDREW M. ALUL
                                Six West Hubbard Street
5                               Suite 500
                                Chicago, Illinois  60610
6                               (312) 222-6301

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22
                    COLLEEN M. CONWAY, CSR, RMR, CRR
23                       Official Court Reporter
                219 South Dearborn Street, Room 2524-A
24                     Chicago, Illinois  60604
                            (312) 435-5594
25                 colleen_conway@ilnd.uscourts.gov

1      (Proceedings in open court.)
2           THE CLERK:  08 C 7231, Pfizer versus Apotex.
3           THE COURT:  Good morning, everybody.
4           MR. RAKOCZY:  Good morning.
5           MR. DRAKE:  Good morning, Your Honor.
6           MS. BOURKE:  Good morning, Your Honor.
7           MR. DRAKE:  Good morning, Your Honor.
8      Jeffrey Drake from the Wood, Phillips law firm.
9  Today, I have with me Mary Bourke and Dan Mulveny from
10 Connolly, Bove in Delaware.  We're all on behalf of the
11 Pfizer/Warren-Lambert plaintiffs.
12          THE COURT:  Okay.  Well, very good.  Welcome to
13 Chicago.
14          MS. BOURKE:  Thank you.
15          MR. RAKOCZY:  Good morning, Judge.
16     William Rakoczy on behalf of the Apotex defendants.
17          MR. ALUL:  Andrew Alul, Your Honor, on behalf of the
18 Apotex defendants as well.
19          THE COURT:  Okay.  Very good.
20     Well, I guess there's a lot of stuff you guys have
21 dropped -- fairly complicated stuff, I might add -- on my desk,
22 at least as an opening salvo, but, first, before we start on
23 the status and the motions, I have to give you guys a report on
24 the removal of a disqualifying interest on my part.
25          Here's the background.  My wife has shares in an

investment partnership with her family, so her siblings and her father and her mother, and her father controls the trades with his broker.

At the time this case was filed, they had some small interest in Pfizer. And I looked at this, along with a couple other cases, and said to my wife, "This is getting absurd. You're creating massive problems for me by having all these individual stocks in very small amounts. Can you talk to your dad about this?" And they resolved, then, to divest themselves of all individual stocks and put their family partnership, or whatever it's called, into mutual funds, which takes care of any recusal problems for me, because I don't have to track mutual fund stocks that my wife and her family are in.

So, in any event, what I wanted -- there is an ethical opinion here, advisory opinion number 69, that basically says that if a judge to whom a matter has been assigned would be disqualifying, and it's clear, even though the original opinion said after substantial judicial time had been devoted to the matter, there's a later paragraph that clarifies and says it applies just as well to cases in which a judge has expended no judicial time, which is essentially where I was maybe a week ago, not quite so true today.

But -- so if the judge divests himself or if the judge's spouse, in this case, divests herself, that removes the basis for disqualification and I can continue to sit on the

1   case. So that is either in the process of being done or has
2   been done. And I'll confirm that as soon as my in-laws return
3   from vacation.
4           But, in any event, I needed to put that on the
5   record, because the end of this advisory opinion says: Should
6   the judge decide to continue to participate in the matter
7   following disposal of the disqualifying interest, the facts
8   giving rise to the disqualification, the judge's disposal of
9   the disqualifying interest and the public interest, and
10  continued participation of the judge should be known to the
11  parties and of record in this case.
12          So I just wanted to put that on the record for you
13  all to know, in case you wonder some day and you look at my
14  disclosure reports why Pfizer's stock was on there at one time,
15  okay?
16          MS. BOURKE: You probably have a better economic
17  investment in the mutual funds, anyhow, given the market.
18          THE COURT: Well, we'll see how that goes. I think
19  that they were well understanding that every stock they had to
20  get out of they were taking a loss on, I think without
21  exception, but that's where we are these days, so -- you know,
22  maybe it will all come back.
23          But, anyway, I just wanted to put that on the record.
24  If anybody had any comments, you know, feel free.
25          MR. RAKOCZY: Nothing from Apotex, Your Honor.

1           MS. BOURKE:  No comment from Pfizer.
2           THE COURT:  Okay.  Well, thank you very much.
3           Okay.  Then we got -- I have three pretty major
4  motions here.  And let me ask you, before I ask you about those
5  motions, what's the status in Delaware?  Who's got the case in
6  Delaware?
7           MS. BOURKE:  It has been assigned to an Eastern
8  District of Pennsylvania judge.
9           THE COURT:  Okay.
10          MS. BOURKE:  Yeah.  There's a vacancy in the District
11 Court, and so every fourth case gets assigned either to an
12 Eastern District of Pennsylvania judge or a District of New
13 Jersey judge.
14          THE COURT:  Okay.
15          MS. BOURKE:  So it's been assigned to Judge Legrome
16 Davis?
17          MR. MULVENY:  Davis, correct.
18          THE COURT:  Davis.  Okay.  And then I understand
19 there's already a motion that's in the process of briefing
20 there, right?  And what's the briefing schedule on that motion?
21 Do you guys know?
22          MR. RAKOCZY:  Your Honor, there was a motion to
23 dismiss for lack of personal jurisdiction and a motion to
24 transfer filed.  Responses came in, but an amended complaint
25 has been filed.  So right now, we're trying to determine what

1	we're going to do.  But we'll likely refile those motions, and
2	then responses and replies will have to come in.
3	             THE COURT:  Okay.  So that case is kind of in the
4	same posture as our case, sort of setting briefing schedules on
5	initial motions.
6	             Because it looks to me like there's a dispute
7	whether -- whatever disputes between these parties there are,
8	whether they ought to be heard in Delaware or in Illinois,
9	that's like one issue.  And another issue is while that's being
10	sorted out, should one or both cases be stayed or should
11	discovery be stayed, at least, until we figure out which judge
12	and which magistrate judge are going to supervise the
13	discovery.  That seems to be kind of the posture we're in.
14	             And these are fairly complicated motions.  I mean,
15	even the stay motion isn't that simple.  The dismissal and the,
16	you know, counterclaims and the subject matter jurisdiction and
17	all that, that's too complicated for me to take on a quick read
18	preparing for a status.  So I would need briefing schedules on
19	all the motions that are filed here.  And I didn't know if you
20	guys had had an opportunity to discuss what you think is
21	reasonable in light of the other case and your caseloads and
22	all of that.
23	             MR. RAKOCZY:  Your Honor, we have conferred on a
24	briefing schedule.
25	             My understanding was Pfizer wanted the stay motion

1  heard today.  We'd prefer the opportunity to put a brief in on
2  that subject, assuming that Your Honor is going to take
3  briefing.  We do have an agreed-upon schedule for all the
4  motions here and in Delaware, actually.
5      THE COURT:  Okay.  Well, that's what I'd like to do.
6  I mean, you know, the stay motion I think is easier than the
7  other motions, but still is something that I wouldn't rule on
8  without getting a response and a reply, if a reply is either
9  warranted or wanted.  I mean, replies are always optional to
10 me, but most people take advantage of the opportunity to
11 respond to what their adversary says.  And if you are the
12 moving party, you have the burden, you get the reply if you
13 want it.  So if you've got agreed briefing schedules, I'd be
14 happy to take those.
15     MS. BOURKE:  Yeah.  Well, actually, I wasn't part of
16 the negotiations, but it was agreed upon yesterday, this
17 briefing schedule --
18     THE COURT:  Okay.
19     MS. BOURKE:  -- with another partner of mine.  But we
20 had -- as Mr. Rakoczy says, we had hoped the Court would hear
21 the motion to stay today.  It is not that complicated.  And the
22 briefing schedule was contingent upon the Court saying that it
23 was not going to decide the stay motion.  And if that's Your
24 Honor's preference, then I guess we'll have to go with the
25 contingent briefing schedule.

1  THE COURT: Yes, I don't think I am prepared to rule
2  on it orally, hearing you guys out today, because I am not as
3  prepared as I ought to be based on just reading it. And so I'd
4  rather do it with briefs.
5  MS. BOURKE: Okay.
6  THE COURT: So do you --
7  MS. BOURKE: It's not that complicated.
8  THE COURT: Well, you know --
9  MR. RAKOCZY: We would need to disagree.
10 THE COURT: You may disagree with that, right?
11 MR. RAKOCZY: We disagree. I have the schedule here
12 in the letter, if you want me to read it off, Your Honor.
13 THE COURT: Yes. And it may be that I will decide
14 the stay motion quickly and the other one will take more time,
15 I mean, but, you know, I just -- unless it's obvious to me,
16 without hearing the other side, I at least give them the chance
17 to respond. And, you know, you've got 19 pages of paper here.
18 They ought to at least be able to put their arguments on paper
19 as well. So go ahead.
20 MS. BOURKE: I understand, Your Honor.
21 MR. RAKOCZY: I appreciate it, Judge.
22 The parties have agreed on April 13th for responses
23 for all of the motions.
24 THE COURT: Okay.
25 MR. RAKOCZY: And if replies are necessary, April

1    27th for all motions --
2            THE COURT:  Well, you guys are one day off of what I
3    had jotted down here as just my opening bid if you hadn't
4    agreed, but that's perfect.  Okay.
5            MR. RAKOCZY:  Clairvoyance, Your Honor.
6            MS. BOURKE:  We also will be filing a motion to amend
7    the complaint to bring in the reissued patent for --
8            THE COURT:  I saw that one coming, too.
9            MS. BOURKE:  Okay.
10           THE COURT:  Okay.  Do you know when you're going to
11   do that?
12           MS. BOURKE:  I would think this week.
13           THE COURT:  This week?  Okay.
14           MS. BOURKE:  Yeah.  I -- we -- as Mr. Rakoczy
15   indicated, because they did not answer in the Delaware court,
16   we just amended our complaint there as of right.  And so it is
17   already an issue and in play in Delaware.
18           THE COURT:  Okay.
19           MR. RAKOCZY:  And, Your Honor, we have a schedule on
20   that motion as well.
21           THE COURT:  Okay.
22           MR. RAKOCZY:  We'd agreed to April 20th for the
23   response and May 4th for the reply.
24           THE COURT:  Okay.  That sounds good.  And then what I
25   am going to ask -- and there is a protective order issue that

1    was noted in here, too.  You guys are going to work that up and
2    submit something that's agreed, I hope?
3              MR. RAKOCZY:  We have a protective order draft.
4    We're going to get back to them very shortly, Your Honor, with
5    our comments.  I don't believe we have too many.
6              THE COURT:  Okay.  Fantastic.
7              And then, you know, in terms of discovery, it doesn't
8    make sense to me to proceed with discovery until we at least
9    know what court is going to have this.
10             MS. BOURKE:  That's our position.
11             THE COURT:  Because I don't know what the procedures
12   are in Delaware or the Eastern District of Pennsylvania and
13   which ones are even applying, but I am a little weary of
14   getting -- I mean, obviously, you guys are engaged in some
15   discussions about your cases and know well, at least, what the
16   issues are, what the patents are, but I am reluctant to issue
17   discovery orders that some judge in Pennsylvania or Delaware
18   would have to feel, at least partially, bound by, and they're
19   probably feeling the same way.  So I wasn't going to even
20   launch into that today.
21             But I will not hold up the stay motion given that
22   that's probably a precursor to all else here.  So, as soon as
23   that's briefed, we'll get on that as quickly as we can.
24             I know the week that the reply brief comes in, I have
25   a trial, but as soon as we get through that, you know, we'll

1  jump on that motion, okay?
2             And then in terms of what's going on in Delaware, in
3  the Delaware case -- we'll call it the Delaware case, it may be
4  going on in Philadelphia or whatever -- but if you could always
5  keep me up to date on developments that happen there.  And I
6  assume that Judge Davis probably will ask you the same.  That
7  way, we won't trip over each other, okay?
8             MR. RAKOCZY:  Absolutely.
9             MS. BOURKE:  That's fine, Your Honor.
10            MR. RAKOCZY:  Will do.
11            THE COURT:  Okay.  Very good.
12            Okay.  Anything else you guys have on the agenda for
13 today?
14            MR. RAKOCZY:  I think that's it, Judge.
15            MS. BOURKE:  Not from Pfizer.
16            MR. RAKOCZY:  It's more than enough.
17            THE COURT:  Okay.  You know, that's a fair bit of
18 work to do, but I know you guys are big, experienced firms in
19 this area, so you're well up to it, far better than a poor,
20 little, old judge with his couple of law clerks.
21            So, anyway, thank you all very much.
22            MS. BOURKE:  Thank you.
23            MR. MULVENY:  Thank you, Your Honor.
24            THE COURT:  And nice to see you.
25            MR. ALUL:  Thank you, Your Honor.

1        THE COURT:  I'll see you again.
2        MR. RAKOCZY:  Thank you, Judge.
3        THE COURT:  Okay.  And I will set a status whenever I
4  get through this initial pile of stuff, unless the case is in
5  Delaware, okay?
6        MS. BOURKE:  Okay.  Thank you.
7        MR. RAKOCZY:  Very good.  Thank you.
8        THE COURT:  Great.  Thank you.
9     (Proceedings concluded.)

1                         C E R T I F I C A T E

5         I, Colleen M. Conway, do hereby certify that the
6  foregoing is a complete, true, and accurate transcript of the
7  proceedings had in the above-entitled case before the
8  HONORABLE ROBERT M. DOW, JR., one of the Judges of said Court,
9  at Chicago, Illinois, on March 24, 2009.

12       /s/ Colleen M. Conway, CSR,RMR,CRR          03/27/09
13              Official Court Reporter                Date
                United States District Court
14              Northern District of Illinois
                       Eastern Division