# United States District Court, Northern District of Illinois

| **Name of Assigned Judge or Magistrate Judge** | Robert M. Dow, Jr. | **Sitting Judge if Other than Assigned Judge** | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 7231 | **DATE** | 10/27/2009 |
| **CASE TITLE** | Pfizer vs. Apotex | | |

**DOCKET ENTRY TEXT**

Pursuant to the discussion on the record in open Court at the 10/21/09 status hearing, Defendants' motion to dismiss [46] Plaintiffs' original complaint, Plaintiffs' motion for leave to file a first amended complaint [59], and Plaintiffs' motion for leave to file a surreply regarding Defendants' original motion to dismiss [86] are stricken as moot in light of intervening events. The parties are given to 11/12/09 to submit supplemental briefs and to 11/18/09 to respond to the opposing parties' supplemental brief. Supplemental briefs should be as succinct as possible and are not to exceed 10 pages. Plaintiffs' motion to vacate the minute order dated October 22, 2009 [70] is respectfully denied, but the October 22, 2009 minute order [69] is clarified as stated below and on the record in open Court at the 10/27/09 motion hearing. The Court anticipates setting the next status date after it rules on the pending motions that will be fully briefed as of November 18. Please see below for further details and additional status information.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

Pursuant to the discussion on the record in open Court at the 10/21/09 status hearing, Defendants' motion to dismiss [46] Plaintiffs' original complaint, Plaintiffs' motion for leave to file a first amended complaint [59], and Plaintiffs' motion for leave to file a surreply regarding Defendants' original motion to dismiss [86] are stricken as moot in light of intervening events. After Defendants file their answer and counterclaim on or before 10/28/09, Plaintiffs may file a formal motion to dismiss any counterclaims that they believe should be dismissed, after which time the original motion to dismiss counterclaims [54] will be stricken as moot.

In the interest of efficiency and economy of the parties' and the Court's resources, the Court will consider the previously filed briefs (in Illinois) on the motion to dismiss counterclaims and the previously filed briefs (in Delaware) on the motion to dismiss the amended complaint that was filed in Delaware and is now deemed to be the operative complaint in this action. To enable the parties to apprise the Court of relevant factual and/or legal developments since the prior briefs were filed, the parties are given to 11/12/09 to submit supplemental briefs and to 11/18/09 to respond to the opposing parties' supplemental brief. Supplemental briefs should be as succinct as possible and are not to exceed 10 pages in any event.

For the reasons stated on the record in open Court, the Court declines Plaintiffs' suggestion to defer the commencement of discovery until the pending motions are resolved. Discovery may commence, but should be focused primarily on the '667 patent as to which no motion to dismiss is pending or anticipated. The Court will set further discovery deadlines at a later date. The Court accepts the parties' proposal that claim construction issues be resolved in the dispositive motion context, and thus exempts this case from the requirements set forth

**STATEMENT**

in the Court's Standing Order for Claim Construction.

As stated at the 10/27/09 hearing, in view of the possibility noted in the parties' joint status report that this case may have a substantial volume of electronic documents that may be relevant, the Court has identified this case as appropriate for participation in the Seventh Circuit Electronic Discovery Pilot Program and thus will enter a separate order on the docket to that end. As stated in that order, if any party believes that there is good cause why this case should be exempted, in whole or in part, from the Principles Relating to the Discovery of Electronically Stored Information, then that party may raise such reason with the Court by filing an appropriate motion.

Finally, the Court has before it Plaintiffs' motion [70] to vacate the minute order [69] dated October 22, 2009. The motion to vacate [70] is respectfully denied. However, as stated on the record in open court at the 10/27/09 motion hearing, the Court clarifies the October 22, 2009 minute order [69] as follows: Because the two pending Illinois actions (08-cv-7231 and 09-cv-6053) were consolidated for all purposes, all documents filed in the later filed docket (09-cv-6053) are now part of the earlier filed docket (08-cv-7231) and no complaints or claims have been dismissed, nor have any pleadings been stricken, as a result of the consolidation. To make the record clear going forward, the parties are directed to include in the caption of all documents filed in the future: "Case No. 08 cv 7231 (consolidated for all purposes with Case No. 09 cv 6053)." The statement in the October 22 minute order that Case No. 09-cv-6053 was "dismissed" reflects the administrative closing of the case for the convenience of the parties, the Court, and the Clerk's Office; it does not have any substantive effect on the case. It essentially closed out the shell of a case that had been consolidated for all purposes into a lower-numbered docket involving the same parties and same claims. The parties are reminded that all future pleadings in the consolidated cases should be filed in Case No. 08-cv-7231 only and captioned as indicated above.

The Court anticipates setting the next status date after it rules on the pending motions that will be fully briefed as of November 18.