IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PFIZER INC., ) | |
| PFIZER IRELAND PHARMACEUTICALS, ) | |
| WARNER-LAMBERT COMPANY, and ) | |
| WARNER-LAMBERT COMPANY LLC, ) | Case No. 08 C 7231 |
| ) | |
| Plaintiffs, ) | Consolidated for all purposes with |
| ) | Case No. 09-cv-6053 |
| v. ) | |
| ) | |
| APOTEX INC., and ) | Judge Robert M. Dow, Jr. |
| APOTEX CORP., ) | |
| Defendants. ) | Magistrate Judge Martin C. Ashman |

**PFIZER PLAINTIFFS' RESPONSE TO
APOTEX'S REPLY MEMORANDUM ON MOTION TO COMPEL**

On July 20, 2010, this Court heard oral argument on Defendants Apotex's Motion to Compel highly confidential Settlement and Generic Entry Documents (D.I. 146-148). Before argument, the Court expressly asked Apotex's counsel whether he wanted to present his arguments in the absence of a Reply Brief, and counsel said yes, so the argument proceeded.

After the argument, Apotex submitted a Reply Memorandum (D.I. 164—"Reply Br") in which numerous new and misleading factual and legal misstatements were made. This Response limits itself to Apotex's new arguments to which fairness justifies a response, and Pfizer will not repeat arguments previously made in opposition to Apotex's motion (D.I. 157).

1. To support its demand for the Settlement Agreements and Generic Entry Documents, Apotex makes a new (and highly misleading) representation at Reply Br., pp. 1 (para. #2) and 5. Now it contends that the commercial success of Lipitor® established in the Delaware Ranbaxy litigation "involved a patent not at issue in this case" and the issue of "sufficient nexus" between any alleged commercial success of Lipitor® and the RE'667 patent

"was not decided, or even addressed, in the Ranbaxy litigations." (Reply Br., pp. 1, 5). This is wrong. Claim 6 of RE'667 presently at issue here is exactly claim 6 of the '995 patent simply corrected by Reissue to overcome a technical drafting error—both claims recite atorvastatin calcium, the active ingredient in Lipitor®. Judge Farnan specifically addressed the commercial success of Lipitor® and its nexus to claim 6 (405 F.Supp. 495, 518). He found that the "objective indicia of non-obviousness [commercial success, medical superiority, satisfaction of long-felt need, efforts and failures by others and copying] support the validity of claim 6 of the '995 patent," necessarily finding <u>both</u> commercial success <u>and</u> the required nexus (405 F.Supp.2d at 518). These findings by the Delaware District Court underscore why Pfizer is relying on <u>past</u> sales and medical success and <u>not</u> <u>speculative</u> <u>future</u> <u>success</u>, and why Apotex's demands for access to highly confidential settlement and future business strategy documents are not justified.

    2.    Apotex stands the relationship between obviousness and secondary considerations on its head at Reply Br., p. 4 when it states that the "lack of any license granted in the settlement agreement may arguably support obviousness of the '667 patent." Secondary considerations, if proven, support non-obviousness and a patent owner can elect to present to the Court whatever separate factors of secondary considerations it wishes. However, the <u>absence</u> of secondary considerations does <u>not</u> support obviousness (*see, Miles Labs., Inc. v. Shandon Inc.,* 997 F.2d 870, 878 (Fed. Cir. 1993)—"Such evidence [of secondary considerations or objective indicia of non-obviousness], if present, would weigh in favor of non-obviousness, although the lack of such evidence does not weigh in favor of obviousness," citing to *Custom Accessories, Inc. v. Jeffrey-Allan Indus., Inc.,* 807 F.2d 955 (Fed.Cir. 1986)).

    3.    In search of support for its misuse theory, Apotex now repeatedly suggests that Ranbaxy "had every incentive to go to market…on March 24, 2010" (Reply Br., p. 1 (para. #1),

speculating without support a "significant financial incentive" for Ranbaxy to do so (Reply Br., p. 3). This ignores that Ranbaxy's own press release and consent decrees establish that Ranbaxy bargained for the right to market generic Lipitor® and Caduet® free from a multitude of Pfizer patents extending to 2016, 2017 and 2018 (and to resolve other worldwide disputes on other Pfizer patents and products) in return for a market entry date of November 2011. (See, D.I. 158-2, 158-4, 158-5, 158-6). Plainly, Ranbaxy weighed its various "financial incentives" and concluded that the balance favored market entry in November 2011, well before Pfizer's overall patent rights expired. Apotex's new argument is merely a fairy tale which does not support its unplead misuse defense or justify its discovery demands.

4. At Reply Br., pp. 1-2 (para. #3) and 5, Apotex for the first time postulates that the settlement agreement with Ranbaxy "may have included a stipulation by Ranbaxy as to the non-obviousness of the '667 patent and/or as to the purported commercial success of Lipitor® because of the '667 patent." However, such provisions, even if they were contained in the settlement agreements, would be <u>favorable</u> <u>to</u> <u>Pfizer</u> and not to Apotex. Regardless, Pfizer has expressly stated that it will <u>not</u> rely on the settlement agreements or on any licenses therein for <u>any</u> purpose in this litigation, so once again Apotex's unsupported speculations do not warrant the fishing expedition it demands.

5. Apotex newly references Pfizer's recently filed motion for dismissal of Apotex's counterclaim counts based on the '104 and '971 patents, suggesting that this motion supports its document demands. (Reply Br., p. 2 (para. #5)). But Apotex fails to tell this Court that Pfizer has now granted Apotex a <u>covenant</u> <u>not</u> <u>to</u> <u>sue</u> <u>on</u> <u>both</u> <u>of</u> <u>the</u> <u>'104 and '971 patents</u>, meaning that Pfizer cannot enforce those patents against Apotex at any time with regard to Apotex's ANDA or ANDA product at issue in this litigation. (See, D.I. 160-1). Pfizer's recent motion to dismiss is

a non-event insofar as Apotex's motion to compel is concerned and provides no support for Apotex's attempts to undercut public policy by prying into highly-confidential settlement agreements.

6. Apotex's Reply Brief does not limit itself to misstating facts. Apotex cites *West v. Jewelry Innovations Inc.* at Reply Br., p. 4 stating that it granted "infringer's motion to compel patentee to produce unredacted versions of all settlement and licensing agreements relating to the asserted patents," ignoring that the Court found the discovery relevant to damages and that the patent owner stated it intended to use these agreements at trial (*West v. Jewelry Innovations Inc.*, No. C07-01812 JF (HRL), 2009 WL 668695 at *1 (N.D. Cal. Mar. 13, 2009)). Pfizer does not seek damages here and, in fact, they cannot be recovered in an ANDA case of this kind. Apotex has conceded that (D.I. 50, section G, p. 3; D.I. 99, section G, p. 3). And, of course, Pfizer has expressly stated that it will not rely on the settlement agreements for any purpose which distinguishes from *West* and also over the *Board of Trustees* case cited at Reply Br., pp. 4-5, which similarly granted a motion to compel settlement agreements because, unlike here, the patentee had expressly stated it would rely upon those agreements in support of its claims (*Bd. of Tr. of Leland Stanford Junior Univ. v. Tyco Int'l Ltd.,* 253 F.R.D. 521, 522-23 (C.D. Cal. 2008)).

Pfizer respectfully requests that Apotex's Motion to Compel be denied.

    Respectfully submitted,

    /s/ Jeffrey M. Drake
    John S. Mortimer
    Jeffrey M. Drake
    WOOD PHILLIPS
    500 West Madison Street
    Suite 3800
    Chicago, IL 60661-2562
    (312) 876-1800
    jmdrake@woodphillips.com

OF COUNSEL:
Rudolf E. Hutz
Jeffrey B. Bove
Mary W. Bourke
Daniel C. Mulveny
CONNOLLY BOVE LODGE & HUTZ LLP
1007 North Orange Street
Wilmington, DE 19899
(302) 658-9141

William E. McShane
CONNOLLY BOVE LODGE & HUTZ LLP
1875 Eye Street, NW
Suite 1100
Washington, DC 20006
(202) 572-0335

*Attorneys for Plaintiffs Pfizer Inc., Pfizer Ireland Pharmaceuticals, and Warner-Lambert Company LLC, formerly Warner-Lambert Company*

## **CERTIFICATE OF SERVICE**

I, Jeffrey M. Drake, caused to be served a copy of the foregoing:

    Pfizer Plaintiffs' Response to Apotex's Reply Memorandum on Motion to Compel

by filing same with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to the following counsel of record:

>William A. Rakoczy
>Andrew M. Alul
>Rakoczy Molino Mazzochi Siwik, LLP
>6 West Hubbard Street
>Suite 500
>Chicago Illinois 60654
>
>*Attorneys for Defendants Apotex Inc. and Apotex Corp.*

                                /s/Jeffrey M. Drake